THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PATSY J. BONSIGNORE, Appellant.

Fourth Department, June 11, 1964.

*Benjamin Gold* for appellant.

*John C. Little, Jr., District Attorney* (*John A. Mastrella* of counsel), for respondent.

*Per Curiam.* Appellant and two others, Byer and Mandwelle, were indicted charged with the crime of extortion in that they obtained $25,000 from one Quigley by a wrongful use of fear in accusing him of making false income tax returns. Defendant, Byer, entered a plea of guilty to the indictment and was a principal witness for the prosecution at the trial of appellant and Mandwelle. When the trial was in its sixth week trial counsel for Mandwelle died suddenly. A mistrial was granted as to this defendant but a similar motion made by appellant was denied. After lengthy adjournments totaling two weeks or more the trial of appellant proceeded to a conclusion with his resulting conviction of the crime charged in the indictment.

The prosecution now concedes that the extortion conviction may not stand as no evidence was adduced that Quigley was in fear as the result of the threats. The proof of the People was to the contrary and established that the monetary payment was made with the consent and at the direction of the District Attorney and while Quigley was surrounded by concealed police officers. The arrests closely followed the payment. While the evidence may have tended to show the existence of the other necessary elements constituting the crime of extortion the submission of that crime to the jury was erroneous as there was no proof that Quigley in paying the money was actuated by fear. (*People* v. *Gardner,* 144 N. Y. 119.)

The principal issue presented upon the appeal is our authority to modify to conform the judgment to an attempt to commit extortion — the crime proved. We are clearly vested with that power pursuant to the provisions of subdivision 2 of section 543 of the Code of Criminal Procedure. The authorities to the contrary, such as *People* v. *Fauchot* (237 App. Div. 698) relied on by appellant, are inapposite. They were decided prior to the addition of subdivision 2 to section 543. (L. 1936, ch. 68.)

We conclude, however, that in the interests of justice appellant is entitled to a new trial because of certain happenings late in the trial following the death of counsel for the codefendant and the granting of a mistrial as to the latter. A close question was presented as to the propriety of denying appellant's motion for a mistrial and the direction that the trial as to him alone should continue. But in such event the rights of appellant should have been carefully protected by proper instructions to the jury by the trial court but such were not forthcoming. All that took

place was that the prosecutor moved that the court "reswear the jury as to (appellant) alone." This was done and the trial proceeded.

During the presentation of the case of the prosecution there had been received a mass of evidence from Byer (the codefendant who had pleaded guilty) and the complainant, Quigley, as to conversations between the two. Both testified as to prior statements made by Byer in which the latter during the course of the extortion plot had quoted to Quigley the substance of remarks made at various times by appellant and Mandwelle neither of whom was present at the time of the conversations between Quigley and Byer. In the then posture of the case this proof, of course, was admissible even in the absence of a conspiracy count in the indictment. (*People* v. *Luciano*, 277 N. Y. 348, 358.)

But after the elimination of Mandwelle from the trial it was doubly important that the evidence should have been adequately marshalled in the court's charge (cf. *People* v. *Tisdale*, 18 A D 2d 274, 277 and cases therein cited) and proper guidelines laid down for the assistance of the jury. None of this was done. The lengthy testimony of the complainant was summarized in the following fashion: "You have heard the testimony of Mr. Quigley in which he stated he had these appointments with *these defendants*, one of whom was (appellant), the conversations, the meetings, and then finally the culmination of the entire situation which occurred at the Trenholm Motel." (Emphasis supplied.)

Most grievous of all, however, was the manner in which the testimony of Byer, the codefendant, and principal prosecution witness was presented to the jury. It was disposed of in one sentence in the charge as follows: "You have heard the testimony of Mr. Stephen Byer." The jury was never instructed that Byer was an accomplice as a matter of law and the statutory rule requiring corroboration of his testimony (Code Crim. Pro., § 399) was not mentioned. At the close of the charge the prosecutor attempted to supply the omission by stating that he "did not hear" the court state that Byer "assumes the status of an accomplice and * * * this jury could not convict any defendant solely and alone upon the testimony of Mr. Byer, unless they find that his testimony is corroborated and tends to connect the defendant with other evidence." The court "so charged," rephrased what the prosecutor had said and concluded "There must be further corroboration beyond that." All of this, as can be seen, was badly garbled. The prosecutor said that the corroborative evidence must tend to connect appellant "with other evidence." The jury was never told that such

312

evidence must tend to connect appellant with the commission of the crime. Moreover, all of this omitted the instruction that Byer was an accomplice as a matter of law and the jury was not informed that "the necessity for the corroboration of the testimony of an accomplice is something more than a rule of law enunciated by the courts but is also a statutory mandate." (*People* v. *Capuano,* 15 A D 2d 400, 402.)

These accumulated errors when considered in the light of the unusual happenings during the latter part of the lengthy trial require that the judgment be reversed and a new trial granted.

BASTOW, J. P., GOLDMAN, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed on the law and facts and in the interest of justice and a new trial granted.